John N. WALSH, Appellant,

v.

Anne C. WALSH, Appellee.

No. 15827.

Court of Civil Appeals of Texas, San Antonio.

Feb. 1, 1978.

Louis T. Rosenberg, Rocha, Tutt & Rosenberg, San Antonio, for appellant.

Anne C. Walsh, San Antonio, for appellee.

CADENA, Chief Justice.

In this appeal from a judgment rendered in a divorce case the appellant, Dr. John N. Walsh, originally complained of those portions of the judgment naming appellee, Anne C. Walsh, managing conservator of the minor children of the parties, dividing the marital property and ordering him to pay $2,500.00 as attorney's fees.

Since the case was argued, appellee, Mrs. Walsh, has died.[1] As a result, the questions concerning custody of the children of the parties have become moot, since upon the death of Mrs. Walsh, Dr. Walsh, as the surviving parent, became the managing conservator of the children. *Knollhoff v. Norris*, 152 Tex. 231, 256 S.W.2d 79 (1953).

The trial court awarded Mrs. Walsh community assets having a value of approximately $120,000.00, while Dr. Walsh received property of the approximate value of $82,000.00.

The evidence supports the conclusion that Mrs. Walsh, a licensed attorney who was attempting to engage in the practice of law, had been unable to realize a profit, while Dr. Walsh had an established medical practice which yielded a taxable income of more than $67,000.00 in 1975. The judgment recites that the trial court, in making the property division, considered the nature of the community assets, the relative position of the parties, the consideration of the support of the four minor children, and the potential earning capacity of the parties. *See Cooper v. Cooper*, 513 S.W.2d 229 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ).

Dr. Walsh's principal complaint is that the trial court awarded the homestead of the parties, a dwelling located on a tract consisting of four and one-half acres and valued at $103,000.00, to Mrs. Walsh. While not challenging the award of the dwelling house to Mrs. Walsh, he contends that the trial court should have awarded him half of the land, not including the portion on which the dwelling is located.

Although only four of the eight children of the marriage are below age 18, the other four children, who are attending school, were also living with Mrs. Walsh. The homestead is subject to an outstanding lien in the sum of approximately $9,000.00, and the judgment required that Mrs. Walsh pay that obligation.

---

1. The death of a party pending appeal does not abate the case. The appellate court in such a case shall decide the case as if all parties to the appeal are living, and the appellate judgment shall have the same force and effect as if rendered during the lifetime of all parties to the appeal. Rule 369a, Tex.R.Civ.P. (1977).

Viewing the record as a whole and recognizing the wide discretion vested in the trial court in determining the disposition of the marital estate upon dissolution of a marriage by divorce, we cannot say that the trial court's action is so manifestly unfair as to require that it be set aside. *See*, in addition to *Cooper*, *Means v. Means*, 535 S.W.2d 911 (Tex.Civ.App.—Amarillo 1976, no writ).

The record supports the conclusion that the sum of $2,500.00 is a reasonable compensation for the services performed by the attorney for Mrs. Walsh. The award of attorney's fees is but a factor to be considered by the court in making an equitable division of the property, considering the needs of the parties and all of the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). In *Cooper*, an award of $41,000.00 to counsel representing the wife in the divorce trial was upheld, despite the fact that under the divorce decree the wife received assets having a value of $478,000.00. The record in this case does not justify the conclusion that the award of attorney's fees constitutes an abuse of discretion.

The judgment of the trial court is affirmed.