**Gloria M. GREENE, Petitioner,**

v.

**Honorable Henry G. SCHUBLE, Judge, Respondent.**

No. C-1987.

Supreme Court of Texas.

July 20, 1983.

Stan Nix, Kingwood, for relator.

Frank B. Gray, William S. Frazier, Houston, for respondent.

ROBERTSON, Justice.

Gloria M. Greene, the mother of Jeffery Alan and Sebrina Annette Greene, seeks a writ of mandamus directing the trial judge, the Honorable Henry Schuble, to vacate his prior order and issue a writ of habeas corpus directing Dorothy I. Greene, the widow of Gloria's former spouse, Cecil T. Greene, to surrender the children to her. We hold that the relator is entitled to issuance of a writ of habeas corpus and conditionally grant the writ of mandamus.

Cecil and Gloria Greene were divorced in 1978. Cecil was appointed managing conservator of the children and Gloria was appointed possessory conservator.[1] Cecil died on July 16, 1982. Dorothy, his widow and the children's stepmother, has retained possession of the children against the wishes of Gloria since Cecil's death. She was appointed guardian of the minors' estates by the County Court of Montgomery County.

On January 24, 1983, Gloria filed a petition for writ of habeas corpus in the 245th District Court of Harris County, which is the court of continuing jurisdiction by virtue of the 1978 divorce decree. A hearing on the writ was held on February 2, 1983. On February 7, 1983, Dorothy filed, in the same court, a motion for termination of Gloria's parental rights and appointment of Dorothy as managing conservator of the children. Judge Schuble denied Gloria's petition for writ of habeas corpus on February 9, 1983. No action on Dorothy's motion appears to have occurred.

Gloria asserts a mandatory right to a writ of habeas corpus under section 14.10(e) of the Family Code, since, as parent of the children, she has a superior right to possession by virtue of section 12.04. Tex.Fam. Code Ann. § 12.04(1) and 14.10(e)[2]. Under section 14.10(e), if the right to possession is not governed by a court order, the court shall compel return of the child to the relator in a habeas corpus proceeding if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties and powers of a parent as set forth in section 12.04. Thus, in order for subsection (e) to be applicable in this case, that portion of the 1978 decree of divorce establishing the managing conservatorship must no longer be in force or in effect. Both parties contend that because of the managing conservator's death the divorce decree no longer constitutes a valid court order governing possession of the children. We agree.

In the absence of specific provisions to the contrary in an order establish-

---

1. The status of Gloria as adoptive mother of the minors has been placed in issue. The question is irrelevant to application of section 14.10 of the Texas Family Code inasmuch as her parenthood and, more importantly, conservatorship was decided in the divorce action.

2. Unless otherwise indicated, all references are to the Texas Family Code.

ing conservatorship, the death of the managing conservator ends the conservatorship order and it no longer constitutes a valid subsisting court order for purposes of section 14.10. Subsection (e) therefore applies. We adhere to the rule we stated prior to the adoption of the Family Code that in the event of the death of the managing conservator, the surviving parent has a right to possession of the children, and a court may enforce this right by issuance of a writ of habeas corpus. *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79 (1953); *see Walsh v. Walsh,* 562 S.W.2d 501, 502 (Tex.Civ.App. —San Antonio 1978, no writ).

 Under our holding Gloria is entitled to issuance of a writ of habeas corpus as a matter of right. The issuance of the writ should be automatic, immediate, and ministerial. *Armstrong v. Reiter,* 628 S.W.2d 439, 440 (Tex.1982). Even a court of continuing jurisdiction is bound by the mandatory language of section 14.10. It must grant a writ of habeas corpus for the delivery of possession of a child to the person with the superior right of possession without any delay for separate or simultaneous consideration of a pending motion for modification of the prior court order, unless an exception under section 14.10 is shown to exist. *Strobel v. Thurman,* 565 S.W.2d 238, 240 (Daniel, J., concurring); *Trader v. Dear,* 565 S.W.2d 233, 237 (Daniel, J., concurring).

█ Our opinion does not reflect consideration of the merits of the other proceedings pending in the court below. Habeas corpus proceedings in child custody cases are governed exclusively by section 14.10, the provisions of which are mandatory. The office of habeas corpus is limited to restoring possession of the children to the person legally entitled to present possession, and may not be used to relitigate custody. *Whatley v. Bacon,* 649 S.W.2d 297, 300 (Tex. 1983).

It is assumed that Judge Schuble will vacate his order denying Gloria M. Greene's application for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if he declines to do so.

Dissenting opinion by RAY, J., in which SPEARS and KILGARLIN, JJ., join.

RAY, Justice, dissenting.

I respectfully dissent. I do not believe that a habeas corpus proceeding is the proper method for a possessory conservator to gain possession of a child following the death of the managing conservator absent some emergency, which has not been alleged in this case. I would hold, therefore, that Judge Schuble did not abuse his discretion in denying Gloria M. Greene's application for writ of habeas corpus following her former husband's death.

Habeas corpus proceedings in child custody cases are governed exclusively by section 14.10.[1] The office of habeas corpus is limited to restoring possession of the children to the person legally entitled to possession, and may not be used to relitigate custody. *Whatley v. Bacon,* 649 S.W.2d 297, 300 (Tex. 1983); *Strobel v. Thurman,* 565 S.W.2d 238, 239 (Tex.1978); *Trader v. Dear,* 565 S.W.2d 233, 235 (Tex.1978). Since habeas proceedings are not concerned with changing legal custody, the best interests of the child are not in issue.

The provisions of section 14.10 are mandatory. With certain exceptions, the court shall compel the return of the child if the relator is presently entitled to possession by virtue of a valid court order, or, in the absence of any court order, the superior statutory right of a parent under section 12.04.

As a surviving parent, Gloria undoubtedly has the superior right of possession of the children. *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79 (1953).[2] The question, though, is whether possession is governed by the 1978 divorce decree which originally determined the conservatorship arrange-

---

1. Unless otherwise indicated, all references are to the Texas Family Code.

2. The enactment of the Family Code has had the effect of overruling some of the holdings in this case. This is not one of them.

ment of the children. I would hold that the death of a managing conservator does not vitiate the custody order of a court of continuing jurisdiction. To do otherwise would be to effectually terminate the continuing jurisdiction of the court which entered the order, which would be anathema to the Legislature's intent in adopting section 14.10.

Section 14.10 is divided into three parts. It is apparent that the first part, subsections (*a*) and (*b*), were meant by the Legislature to apply in situations where a valid court order governs the possession of the children. Specifically, the first part is meant to apply where continuing jurisdiction over matters concerning the children is invested in a particular court. The second part, subsections (*c*) and (*d*), apply whether or not a valid and subsisting court order exists. Subsections (*e*) and (*f*), the final part, apply only when no court order is in existence, i.e., where no court possesses continuing jurisdiction. The proper question, then, is not whether a valid court order existed at the time Gloria initiated the habeas corpus proceeding, but whether a court of continuing jurisdiction existed.

Section 11.05(a) specifies that once jurisdiction is acquired, it retains continuing jurisdiction except as otherwise provided. Death of the managing conservator is not specified as an exception. A major purpose of providing for the issuance of the writ under section 14.10 is to protect the continuing jurisdiction of the court. *Strobel v. Thurman*, 565 S.W.2d at 238; *Trader v. Dear*, 565 S.W.2d at 235. Gloria's right to a writ of habeas corpus is therefore governed by subsections (*a*) and (*b*), and not subsection (*e*).

The question, then, is whether, as far as subsections (*a*) and (*b*) are concerned, Gloria is presently entitled to possession of the children by virtue of the 1978 decree of divorce which provided for the conservatorship of the children. Prior to the adoption of the Family Code in 1973, the rule in cases such as the one at bench was that upon the death of the managing conservator, the surviving parent had a prima facie right to possession of the children, and a court could enforce this right by writ of habeas corpus. *See Knollhoff v. Norris*, 152 Tex. 231, 256 S.W.2d 79 (1953).

The adoption of the Family Code, however, has effectuated substantial changes in the law of domestic relations, including substantial changes in habeas corpus proceedings. While a prima facie right of possession may remain in the surviving possessory conservator as stated in *Knollhoff*, the result in *Knollhoff* would not be the same if it were decided under section 14.10. Gloria is not entitled to present possession of the children under the express terms of the 1978 decree, except for certain limited periods. Gloria's petition does not limit or specify that it is only for these periods that she is seeking reinstatement of possession. Any change as to custody rights must occur by subsequent order of the court of continuing jurisdiction. While I note that her petition was pending in the court of continuing jurisdiction, I further note that by granting the writ, the court would in effect alter the terms of the decree, i.e., redetermine the right to possession, which it could not do. While considering a petition for habeas corpus, even the court of continuing jurisdiction is limited to a determination that the relator is presently entitled to possession, and may not undertake to change that right. *See Strobel v. Thurman*, 565 S.W.2d at 240 (Daniel, J., concurring); *Trader v. Dear*, 565 S.W.2d at 237 (Daniel, J., concurring).

A habeas corpus proceeding is not the proper method for a possessory conservator to gain possession of a child following the death of the managing conservator absent some emergency. The sole issue is the relator's superior right of present possession under the Family Code. Since a court order governing possession exists, the court should only entertain the relator's right of possession under that order. The proper course would have been to file a motion to modify the decree, alleging the death of the managing conservator as a material change in conditions.

I would hold that Judge Schuble did not abuse his discretion in denying Gloria's petition for writ of habeas corpus, and deny Gloria Greene's petition for writ of mandamus. I recognize that such a holding does not comport with traditional notions of parental rights. However, we should be bound to such a holding under the present state of the Family Code. If the Legislature desires a different result in cases such as this, it may amend the Code to provide that either the right of immediate possession devolves upon the possessory conservator on the death of the managing conservator and/or continuing jurisdiction terminates at that time.

SPEARS and KILGARLIN, JJ., join in this dissenting opinion.