GENERAL ELECTRIC CAPITAL ASSURANCE CO. and Bank One Texas, N.A., Appellants,

v.

Barrie Brooks JACKSON Jr. and Milton E. Richards, Appellees.

No. 01–02–00108–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 2004.

Rehearing Overruled June 2, 2004.

William Book, Tekell, Book, Matthews & Limmer, L.L.P., Houston, TX, for Appellants.

David M. Gunn, Russell S. Post, Beck, Redden & Secrest, L.L.P., Kenneth Tekell, Tekell, Book, Matthews & Limmer, L.L.P., Maxwell Micah Kessler, Corwin L. Teltschik, L.T. "Butch" Bradt, The Teltschik Law Firm, Andrew Todd McKinney IV, Kim A. Cooper, Kelley A. Hammon, McKinney & Coper, L.L.P., J. Brett Busby, Mayer, Brown, Rowe & Maw, LLP, Charles Wist, Wist Holland & Kehlhof,

L.L.P., Houston, TX, Lisa L. Silvestri, Gable & Gatwals, Tulsa, OK, for Appellees.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

SHERRY RADACK, Chief Justice.

Barrie Brooks Jackson, Jr., an appellee in this case, sued General Electric Capital Assurance Company (GECA), Bank One Texas, National Association (Bank One), and Milton E. Richards, alleging that GECA and Bank One wrongfully paid proceeds to Richards instead of Jackson and that Richards breached his fiduciary duty to Jackson in the management of those funds.

Jackson, GECA, and Bank One all filed motions for summary judgment. The trial court granted Jackson's motions against GECA and Bank One, holding that, as a matter of law, GECA and Bank One wrongfully paid funds to Richards that were supposed to be paid to Jackson. Jackson settled with Richards prior to trial. The case then proceeded to trial on the issue of attorneys' fees, and the jury awarded Jackson attorneys' fees in the amount of $24,000 to be paid by GECA, and $34,500 to be paid by Bank One.

On appeal, Bank One argues in six issues that 1) Bank One was entitled to rely on the court order furnished by Richards that named Richards as the managing conservator of Jackson; 2) Bank One should not be liable to Jackson for releasing the proceeds of a certificate of deposit to the executor of the depositor's estate, when the depositor's will revoked any tentative trust in which the proceeds were previously held for the benefit of Jackson; 3) the one-satisfaction rule bars Jackson from recovering funds from his guardian in settlement, and then recovering the full amount of the funds a second time in a suit against

Bank One; 4) the evidence is legally insufficient to support an award of attorneys' fees; 5) a new trial on attorneys' fees was necessary due to jury charge error; and 6) Bank One's cause of action against Richards for unjust enrichment is not barred by limitations because it did not accrue until the judgment in this case.

GECA, also appealing, argues in nine issues that 1) the trial court erred in denying GECA's first motion for summary judgment on January 8, 2001; 2) GECA properly relied on the court order naming Anita Richards as managing conservator when it paid annuities to Anita Richards; 3) the trial court erred by granting Jackson's motion for summary judgment filed against GECA on August 31, 2001; 4) article 21.55 of the Texas Insurance Code is inapplicable to annuity contracts; 5) even if article 21.55 could apply to the annuity contracts, it was error to assess penalties and attorneys' fees against GECA; 6) Jackson is estopped from receiving attorneys' fees under chapter 38 of the Texas Civil Practice and Remedies Code; 7) the trial court erred in denying GECA's second motion for summary judgment filed on October 25, 2001; 8) the trial court erred in failing to give GECA a credit based on the settlement between Richards and Jackson; and 9) the trial court erred in not allowing GECA to introduce evidence of Jackson's failure to initiate pre-suit negotiations and GECA's attempts to solicit settlement demands.

We reverse and render a take-nothing judgment in favor of Bank One and GECA.

### Facts

Lucille Richards, the grandmother of Jackson, purchased for Jackson's benefit several investments during her lifetime. Among the investments were two deferred annuities that named Jackson as the sole beneficiary and a certificate of deposit that was to be held in trust for Jackson.

Lucille Richards died in 1993, and Milton Richards, who was Lucille's son and Jackson's uncle and one of the court-appointed managing conservators of Jackson, notified GECA of Lucille's death. GECA, which was responsible for the annuity payments, released a claim form to Jackson, and Anita Richards, the other court-appointed managing conservator, signed the form as Jackson's "parent" and submitted a copy of an agreed order on a motion to modify in a suit affecting the parent-child relationship. The order identified Milton and Anita Richards as Jackson's joint managing conservators, and stated that Milton and Anita had "all the rights, privileges, duties, and powers of a parent." Anita also signed a "Declaration of Parent" in which she declared that she was Jackson's "parent" and requested that GECA make a lump sum payment of the annuities on Jackson's behalf.

Meanwhile, Milton Richards contacted Bank One and requested that they release the CD proceeds to him. Milton presented Bank One with a death certificate, letters testamentary, and the court order appointing him as one of Jackson's managing conservators, with "all rights, privileges, duties, and powers of a parent." After receiving the documents presented by Milton, Bank One released the proceeds to him.

Thereafter, Jackson alleged that Milton and Anita Richards had mismanaged the funds that were supposed to be held for his benefit. Jackson then sued Milton and Anita for breach of fiduciary duty and sued Bank One and GECA, as well as other financial institutions, for wrongfully paying funds to Milton and Anita rather than to Jackson.

## Standard of Review

Both GECA and Bank One filed motions for summary judgment against Jackson

that were denied by the trial court, and both are requesting that this Court reverse and render judgment for them as to Jackson's claims against them.

The standards for reviewing a motion for summary judgment are as follows: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant is entitled to summary judgment if at least one element of each of the plaintiff's causes of action is negated as a matter of law. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 476–77 (Tex.1995). A defendant may also prevail on a motion for summary judgment by conclusively proving all elements of an affirmative defense as a matter of law, such that there is no genuine issue of material fact. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995) (per curiam).

A no-evidence motion for summary judgment is proper when there is complete absence of evidence of a vital fact, or the evidence offered to prove a vital fact is no more than a scintilla, or the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

## GECA and Bank One's Reliance on Court Order

■ GECA and Bank One both filed motions for summary judgment in which

they argued that there was no wrongful payment of funds because they relied on a court order that named Anita and Milton Richards as managing conservators over Jackson. GECA and Bank One now each argue in one of their issues on appeal that we should determine that their reliance on the court order was proper and render judgment for them. We will address this key issue at the outset.

After the death of Lucille Richard, the 246th District Court named Anita and Milton Richards as managing conservators of Jackson. The court order provided that the Richardses "shall have all the rights, privileges, duties, and powers of a parent." GECA and Bank One argue that, because they were presented with a court order that named Milton and Anita Richards as the managing conservators and because the Family Code gives parents the power to receive payments for support of their children, as well as the power to hold and disburse any funds for the benefit of their children, GECA and Bank One were justified in paying proceeds to Milton and Anita Richards for the benefit of Jackson. See Tex. Fam.Code Ann. § 151.001 (Vernon Supp.2004) (providing that parents have the duty to "manage the estate of the child," and the power to "receive and give receipt for payments for the support of the child and to hold or disburse any funds for the benefit of the child").

Jackson argues that the court order is void and should be given no effect because (1) the district court did not have jurisdiction to name Milton and Anita Richards as managing conservators and (2) the court order violates the separation of powers doctrine by giving Anita and Richard Milton full parental rights, which would have the effect of "changing the law of intestate succession under both the Family Code and Probate Code."

A judgment is void only in those circumstances where it is apparent that the court had no jurisdiction over the parties, no jurisdiction over the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Mapco Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). A trial court which has made a child custody determination has continuing jurisdiction over the determination until the court or another determines that the jurisdiction should cease, based on two situations listed in the Family Code.[1] Jackson does not argue that any of the listed circumstances are present in this case, but cites the Texas Supreme Court case of *Greene v. Schuble* for the proposition that, because Jan Jackson, the previous managing conservator of Jackson, died before the court made the custody determination, the court lost jurisdiction to make such a determination. 654 S.W.2d 436, 438 (Tex. 1983).

In *Greene,* after a father and mother divorced, the father of their children was appointed as managing conservator and the mother was named as possessory conservator. *Id.* at 437. The father later died, and the woman he had remarried tried to keep the children instead of giving them to their natural mother, who was the possessory conservator. *Id.* The court held that, absent specific provisions in the order establishing conservatorship, the death of the managing conservator ended the conservatorship order, and the order

---

1. A court has exclusive continuing jurisdiction until (1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships, or (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state. Tex. Fam.Code Ann. § 152.202 (Vernon 2002).

would no longer constitute a valid subsisting court order. *Id.* at 437–38. The court further held that, in such a situation, the mother, who had been named as the possessory conservator, had the right to have issued a writ of habeas corpus to obtain possession of the children. *Id.* at 438. The court went on to note that even a court of continuing jurisdiction must be willing to grant a writ of habeas corpus to deliver possession of the children. *Id.*

GECA argues, and we agree, that the *Greene* court, while holding that a conservatorship order was invalid after the death of the managing conservator, was in no way suggesting that the death would also cause the exclusive continuing jurisdiction of the court to be terminated. Rather, the *Greene* court seemed to contemplate further involvement by the court of continuing jurisdiction by stating that it would be bound to issue a writ of habeas corpus to the surviving parent who had a superior right of possession to the children. *Id.* Accordingly, because Jackson's reliance on *Greene* is misplaced, and because none of the circumstances listed in the Family Code that allow a court to terminate its jurisdiction is present, we hold that the court issuing the conservatorship order was not lacking in jurisdiction to issue the order.

■ Jackson also argues that the court lacked jurisdiction over Jan Jackson and could not remove her as managing conservator because it was not shown that she was served with citation. The court order, however, stated that "all persons entitled to citation were properly cited." In circumstances such as this, where the court order stated that all persons who were entitled to citation were cited, and where there is no evidence to the contrary, we will presume that citation was given to all persons who were so entitled. *See In re B.D.,* 16 S.W.3d 77, 80 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (applying pre-sumption of regularity when the judgment indicated that notice had been given and there was no evidence to suggest otherwise).

Jackson additionally argues that the court order was void because it violated the separation of powers doctrine by giving Anita and Milton Richards the "rights, privileges, duties, and powers of a parent." Jackson contends that, under the Probate Code, Milton and Anita Richards cannot inherit from Jackson, who is not their child, which, therefore, would make the court order void. We see no need to interpret the court order to determine whether the court improperly gave an implied right to inherit to Anita and Milton Richards because there is no inheritance issue in this case. Even if we were to assume, which we do not, that the court improperly gave inheritance rights to Anita and Milton Richards, the court order would still not be void, because this situation is not one that fits into the four circumstances outlined in *Mapco* that would make a judgment or court order void. 795 S.W.2d at 703 (judgment is void only in those circumstances where it is apparent that court had no jurisdiction over parties, no jurisdiction over subject matter, no jurisdiction to enter judgment, or no capacity to act as a court).

■ In determining that the court order naming Anita and Milton Richards as managing conservators was not void, we hold that Bank One and GECA were entitled to rely on the court order in paying funds to Anita and Milton Richards to hold for the benefit of Jackson. The court order stated that Anita and Milton Richards would have the rights, privileges, duties, and powers of parents, and the Family Code gives parents the power to hold and disburse any funds for the benefit of their children. *See* TEX. FAM.CODE ANN. § 151.001(a)(8). Our review of the Family Code reveals no re-

strictions that would prohibit a court from giving non-parent managing conservators the right to hold and disburse funds for children. In fact, the Family Code now specifically states that non-parents appointed as sole managing conservators have "the right to receive and give receipt for payments for the support of the child and to hold or disburse funds for the benefit of the child." TEX. FAM.CODE ANN. § 153.371(5) (Vernon Supp.2004). Accordingly, we hold that there is no evidence that either Bank One or GECA wrongfully paid any funds to Anita or Milton Richards that were to be for the benefit of Jackson.

We sustain appellants' first issue addressed.

Having determined that there was no wrongful payment of funds, we need not reach the remaining issues assigned by GECA or Bank One.

### Conclusion

We reverse the trial court's judgment and render a take-nothing judgment in favor of GECA and Bank One.