Petition for Writ of Mandamus Conditionally Granted and Opinion filed 








Petition
for Writ of Mandamus Conditionally Granted and Opinion filed 

December 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00624-CV

____________

 

IN RE RUSSELL CRAIG COLLINS, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N

In this original proceeding,[1]
relator, Russell Craig Collins, seeks a writ of mandamus compelling respondent,
the Honorable Robert J. Kern, to strike: (1) that portion of respondent=s temporary orders
requiring Collins to cease prosecuting his minor daughter=s wrongful death
claims as her next friend, and (2) that portion of respondent=s order dated May
30, 2007, in which respondent appointed an amicus attorney to act as next
friend to Collins=s minor daughter.  We conditionally grant
the writ.








I.  Factual and Procedural Background

Collins is the father of S.E.E., although he was never
married to the child=s mother.   On May 23, 2000, the 387th
District Court of Fort Bend County[2]
issued an Agreed Order appointing S.E.E.=s parents as joint
managing conservators, but granting S.E.E.=s mother the
exclusive right to determine S.E.E.=s primary
residence.[3] 
Moreover, A[t]he conservator designated with the primary physical
residence of the child@ was given the exclusive Apower to represent
the child in legal action and to make other decisions of substantial legal
significance concerning the child including the right to establish the primary
residence of the child . . . .@[4]  S.E.E. resided
with her mother.








On March 28, 2007, S.E.E.=s mother was
killed in a fire in a Houston office building.  Within two days, Collins sought
legal counsel to pursue S.E.E.=s claims arising from her mother=s death.   Collins
consulted attorneys Tom Rowatt and James Doyle and retained the law firm of
Williams Kherkher, L.L.P. to represent S.E.E.[5]  
In his asserted capacity as S.E.E.=s next friend,
Collins intervened in a suit filed in the 133rd District Court of Harris County
by unrelated plaintiffs seeking damages arising from the same fire in which
S.E.E.=s mother was
killed.[6] 
But two days  before Collins intervened in that suit, S.E.E.=s maternal
grandfather, who also purported to act as S.E.E.=s next friend,
filed an original wrongful death suit in the 152nd District Court of Harris
County.[7] 
Both maternal grandparents (the AGrandparents@) also asserted
their own claims for damages.

On April 23, 2007, the Grandparents obtained an ex parte
temporary restraining order in the 387th District Court of Fort Bend County. 
The trial court deleted the Grandparents= proposed
provision that would have restrained Collins from Afiling legal
causes of action or making legal decisions on behalf of the child or the
interest in her deceased mother=s estate@ and granted the
requested temporary restraining order without further change.  The next day,
the Grandparents filed a Petition to Modify the Parent-Child Relationship
seeking sole managing conservatorship of S.E.E. and again asked the trial court
to restrain Collins from filing legal causes of action or making legal
decisions on S.E.E.=s behalf.  The trial court set a hearing
for May 23, 2007 to determine, inter alia, whether to issue a temporary
injunction and whether the Grandparents Ashould be
appointed the temporary conservator[s] who ha[ve] the right to designate the
primary residence of the child with the rights and duties of a sole managing
conservator including the exclusive right to make all legal decisions
including, but not limited to, filing lawsuits.@  In the meantime,
Collins filed a counter-petition in which he also sought sole managing
conservatorship of the child.

The hearing originally set for May 23, 2007 was apparently
postponed for a week, and on May 30, 2007, the trial court appointed Chad P.
Ellis as an amicus attorney Ato provide legal services necessary to
assist the Court in protecting the best interests of@ S.E.E.  The trial
court ordered the Grandparents and Collins each to deposit $1,000 with Ellis,
and further ordered as follows:








IT IS ORDERED that the Amicus Attorney is granted
the right to contract for legal services on behalf of the child in regards to
legal counsel for representation in litigation resulting from the death of the
child=s mother.  IT IS ORDERED that the
Amicus Attorney shall have the right to bring suit on behalf of the child the
subject of this suit in regards to any legal action involving the death of the
child=s mother.  The Amicus Attorney is
not claiming nor shall he be due a referral fee[.]

IT IS ORDERED that for any litigation involving the
child the subject of this suit, the Amicus Attorney shall attend all hearings,
depositions and trials and shall review all pleadings, correspondence,
discovery requests/responses, expert reports and other case materials.

IT IS ORDERED that with regard to litigation
involving the child the subject of this suit, including litigation in other
counties, the parties, their agents and/or legal representatives shall provide
the Amicus Attorney with notice of all hearings, trial settings, deposition
dates and times.

IT IS ORDERED that
with regard to litigation involving the child the subject of this suit,
including litigation in other counties, the parties, their agents and/or legal
representatives shall provide the Amicus Attorney with copies of all pleadings,
correspondence, discovery requests/responses, expert reports and any other case
materials received by the parties or counsel.

At a further hearing on June 26, 2007, the trial court
stated, AAll parties are
ordered to cease personal injury lawsuits on behalf of the child[,] and
Attorney Ellis, not the grandparents or the father[,] will have the sole right
to make legal decisions on behalf of the child . . . .@  Counsel for the
Grandparents indicated to the trial court that their action on S.E.E.=s behalf had been
dismissed, although they continued to maintain the action in their own right
for the wrongful death of their daughter, S.E.E.=s mother.  

In his asserted capacity as S.E.E.=s next friend, the
amicus attorney retained Mark Lanier to act as S.E.E.=s attorney of
record.  Lanier filed an original suit in County Court at Law No. 3 of Fort
Bend County seeking damages for the death of S.E.E.=s mother;[8]
however, the parties report that the Fort Bend wrongful death case was
subsequently dismissed and refiled in Harris County.








On July 16, 2007, the trial court signed temporary orders
appointing Collins and the Grandparents joint managing conservators, and
awarded the Grandparents Athe exclusive right to designate the
primary residence of the child . . . .@  Collins then
sought mandamus relief to compel the trial court to vacate those portions of
its orders that permitted Ellis to act as S.E.E.=s next friend,
hire legal counsel for her, and be paid for services performed in connection
with litigation (other than the instant SAPCR) in which S.E.E. is a party.

II.  Issues Presented

Collins asserts that the trial court=s rulings Apurport[] to
confer rights to the amicus attorney that are well beyond the scope of section
107.003 [of the Texas Family Code], and in direct violation of [r]elator=s constitutional
and statutory rights as a parent.@[9]  Specifically,
Collins challenges the respondent=s orders
authorizing the amicus attorney to hire legal counsel to represent S.E.E., to
appear as her next friend, and to receive compensation for work performed in
cases other than the instant conservatorship action.  We also preliminarily
address the Grandparents= arguments that Collins waived his right
to protest the trial court=s rulings and that he did not have the
authority to bring suit on his daughter=s behalf. 

III.  Standard of Review








Mandamus relief is available only if the court clearly
abused its discretion and the party has no adequate remedy by appeal.  In re
Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  A
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); see
also In re Fort Worth Childrens= Hosp., 100 S.W.3d 582,
590B91 (Tex. App.CFort Worth 2003,
orig. proceeding [mand. dism=d]) (conditionally granting writ of
mandamus to vacate order that appointed guardian ad litem under circumstances
not authorized by statute).

IV.  Analysis

A.      Waiver

We must begin our analysis by addressing the Grandparents= argument
concerning waiver.  They contend in their brief that A[w]hile Mr.
Collins=s counsel had
originally objected to naming Mr. Ellis as amicus, she later told the Court
that Mr. Collins was not interested in managing the litigation.@  Specifically,
Collins=s counsel stated:

And Mr. Collins knows - - I=ve discussed this
with him ad nauseam.  He has no pecuniary interest in a lawsuit that can be
brought in [S.E.E.=s] name.  He respects the Court=s ruling on Mr.
Ellis spearheading the litigation for the child.  And at this point, he=s only here
because he wants to be the managing conservator of his daughter.

Thus, the
Grandparents argue that Collins=s petition must be denied because his
counsel Ajudicially
admitted@ during the
temporary custody hearing that he respected the trial court=s order concerning
the powers of the amicus attorney.  We disagree.








A judicial admission is Aa formal waiver of
proof usually found in pleadings or the stipulations of the parties.@  Hennigan v.
I.P. Petroleum Co., Inc., 858 S.W.2d 371, 372 (Tex. 1993) (per curiam)
(quoting Mendoza v. Fid. & Guar. Ins. Underwriters, Inc., 606 S.W.2d
692, 694 (Tex. 1980)).  The statements of counsel at issue here do not
constitute a judicial admission because litigants are required to Arespect@ all rulings of
the court.  Moreover, Collins=s counsel further stated that Awe believe that
under the law, [Collins] has the right to be the managing conservator of this
child.  He is the sole remaining parent that is living and he wants to
serve in that capacity.@  (emphasis added).  Inasmuch as the
parent of a child has Athe right to represent the child in legal
action and to make other decisions of substantial legal significance concerning
the child[,]@[10] we cannot
conclude that Collins has waived the issues presented here. 

B.      The Wrongful Death Suit Brought by Collins as
S.E.E.=s Next Friend

Collins begins with the contention that, as S.E.E.=s father, he was
authorized to assert S.E.E.=s wrongful death claims as S.E.E.=s next friend. 
The Grandparents respond that the prior court order granted S.E.E.=s mother the
exclusive right to take legal action on S.E.E.=s behalf.  As
previously noted, this prior order provided that A[t]he conservator
designated with the primary physical residence of the child@ had the exclusive
Apower to represent
the child in legal action and to make other decisions of substantial legal
significance concerning the child including the right to establish the primary
residence of the child . . . .@[11]  But Ain the event of
the death of the managing conservator, the surviving parent has a right to
possession of the children . . . .@  Greene v.
Schuble, 654 S.W.2d 436, 438 (Tex. 1983).  








Although a parent=s right to Apossession@ and issues of
conservatorship (or the child=s residence) are distinct legal concepts,[12]
we agree that the mother=s rights to establish S.E.E.=s residence and to
exercise S.E.E.=s legal rights were extinguished upon her
death.  At that time, the right to take legal action on S.E.E.=s behalf passed to
Collins as her only surviving parent.  See Massey v. Galvan, 822 S.W.2d
309, 319 (Tex. App.CHouston [14th Dist.] 1992, writ denied)
(when the managing conservator dies, the surviving parent has the right to
contract for the minor children); see also Tex. R. Civ. P. 44 (minors who have no legal guardian may sue
and be represented by a Anext friend@);[13] Tex.
Fam. Code Ann. ' 151.001(a)(7) (Vernon Supp. 2007) (subject to
court orders, the parent of a child has Athe right to
represent the child in legal action and to make other decisions of substantial
legal significance concerning the child@); Urbish v.
127th Judicial Dist. Court, 708 S.W.2d 429 (Tex. 1986) (orig. proceeding)
(affirming trial court=s order denying father=s motion, as
managing conservator, to replace mother as son=s next friend). 
We therefore conclude that Collins acted within his authority in asserting his
daughter=s claims.

C.      Amicus Attorneys Appointed in SAPCRs  

1.       The Role of an Amicus Attorney in a SAPCR

In a suit affecting the parent-child relationship, an
amicus attorney may be appointed to assist the court[14]
in determining the best interests of the child.[15] 
For the purposes of such a suit, the role of an Aamicus attorney@ is statutorily
defined:

AAmicus attorney@ means an attorney
appointed by the court in a suit, other than a suit filed by a governmental
entity, whose role is to provide legal services necessary to assist the court
in protecting a child=s best interests rather than to provide
legal services to the child.

Tex. Fam. Code Ann. ' 107.001(1); see
also O=Connor v. O=Connor, BS.W.3dB, No.
01-06-00445-CV, 2007 WL 1440990, at *4 (Tex. App.CHouston [1st
Dist.] May 17, 2007, no pet. h.) (ABecause the amicus
attorney is >to provide legal services to assist the court,= the trial court
is, in effect, the amicus attorney=s client for a
limited purpose.  But the trial court is not a
party . . . .@).  The Texas
Family Code sets forth the duties of an amicus attorney in some detail:








An . . . amicus attorney appointed to assist the
court:

(1)     shall:

(A)     subject to Rules 4.02, 4.03, and 4.04, Texas
Disciplinary Rules of Professional Conduct, and within a reasonable time after
the appointment, interview:

(i)      the child in a developmentally appropriate
manner, if the child is four years of age or older;

(ii)      each person who has significant knowledge
of the child=s history and condition, including
any foster parent of the child; and

(iii)     the parties to the suit;

(B)     seek to elicit in a developmentally
appropriate manner the child=s expressed objectives of representation;

(C)     consider the impact on the child in
formulating the attorney=s presentation of the child=s expressed objectives of
representation to the court;

(D)     investigate the facts of the case to the
extent the attorney considers appropriate;

(E)     obtain and review copies of relevant records
relating to the child as provided by Section 107.006;

(F)     participate in the conduct of the litigation
to the same extent as an attorney for a party;

(G)     take any action consistent with the child=s interests that the attorney
considers necessary to expedite the proceedings;

(H)     encourage settlement and the use of
alternative forms of dispute resolution; and

(I)      review and sign, or decline to sign, a
proposed or agreed order affecting the child;

(2)     must be trained in child advocacy or have
experience determined by the court to be equivalent to that training; and

(3)     is entitled to:

(A)     request clarification from the court if the
role of the attorney is ambiguous;

(B)     request a hearing or trial on the merits;








(C)     consent or refuse to consent to an interview
of the child by another attorney;

(D)     receive a copy of each pleading or other
paper filed with the court;

(E)     receive notice of each hearing in the suit;

(F)     participate in any case staffing concerning
the child conducted by an authorized agency; and

(G)     attend all
legal proceedings in the suit.

Tex. Fam. Code Ann. ' 107.003.  In
addition to these duties, the following responsibilities are imposed upon an
amicus attorney:

(a)     Subject to any specific limitation in the
order of appointment, an amicus attorney shall advocate the best interests of
the child after reviewing the facts and circumstances of the case. 
Notwithstanding Subsection (b), in determining the best interests of the child,
an amicus attorney is not bound by the child=s expressed objectives of representation.

(b)     An amicus attorney shall, in a
developmentally appropriate manner:

(1)     with the consent of the child, ensure that
the child=s expressed objectives of
representation are made known to the court;

(2)     explain the role of the amicus attorney to
the child;

(3)     inform the child that the amicus attorney
may use information that the child provides in providing assistance to the
court; and

(4)     become familiar with the American Bar
Association=s standards of practice for
attorneys who represent children in custody cases.

(c)     An amicus
attorney may not disclose confidential communications between the amicus
attorney and the child unless the amicus attorney determines that disclosure is
necessary to assist the court regarding the best interests of the child.








Id. ' 107.005.  Thus,
Collins argues that the trial court was not authorized to appoint Ellis to act
as S.E.E.=s next friend, to hire counsel for her, or to be paid
for work in other litigation in which she is a party, because these rights and
duties exceed those authorized by the Family Code.  See id. ' 107.001(1) (the
role of an amicus attorney is to assist the court); O=Connor, 2007 WL 1440990,
at *4 (AThe amicus
attorney is appointed specifically to assist the court. And the plain language
of the statutory definition of amicus attorney can mean only that the amicus
attorney assists the court that appointed [the amicus attorney.]@) (emphasis
added).  We therefore consider the scope of the trial court=s authority to
appoint an amicus in the manner and with the powers at issue here.

3.       Scope of
Trial Court=s Power to Appoint
an Amicus Attorney in a SAPCR

A trial court=s powers to make
discretionary appointments are addressed in section 107.021 of the Texas Family
Code:

(a)     In a suit in which the best interests of a
child are at issue, . . . the court may appoint one
of the following:

(1)     an amicus attorney;

(2)     an attorney ad litem; or

(3)     a guardian ad litem.

. . .

(b)     In determining whether to make an
appointment under this section, the court:

(1)     shall:

(A)     give due consideration to the ability of
the parties to pay reasonable fees to the appointee; and

(B)     balance the child=s interests against the cost to
the parties that would result from an appointment by taking into
consideration the cost of available alternatives for resolving issues without
making an appointment;

(2)     may make an appointment only if the court
finds that the appointment is necessary to ensure the determination of the
best interests of the child, unless the appointment is otherwise required
by this code; and








(3)     may not
require a person appointed under this section to serve without reasonable
compensation for the services rendered by the person.[16]


Tex. Fam. Code Ann. ' 107.021(emphasis
added).  

Although intended to protect S.E.E.=s interest, the
appointment here was based on  incorrect premises:

Court: [W]hat
happened is that two parties [i.e., Collins and the Grandparents], neither
of whom have any legal right to represent this child, I understand have
filed lawsuits.  Something needs to be done to protect this child.@

(emphasis
added).  But Collins, as S.E.E.=s father, did have the legal right
to assert S.E.E.=s claims and was acting as her next friend
without charge.  And there is no finding or evidence that the attorneys he
hired acted in a manner that failed to protect S.E.E.=s best interests.[17]

Ellis, however, advised the respondent as follows:








Ellis:   I  think one of the problems that they
[i.e., counsel retained by  Collins to represent S.E.E. in the wrongful death
suit] haven=t foreseen though, Judge, is if they are allowed to go forward in their
suit and ultimately it is the other party [i.e., the Grandparents] that is
granted the right to represent the child, then they [i.e., the attorneys] now
represent the other party on behalf of the child which creates a huge conflict
because they=re representing a party who=s in litigation with their former client.

And so, you know, that=s one of the
reasons I said - - that I put in two paragraphs, No. 1, that the Amicus have
[sic] the right to retain legal counsel and, No. 2, that for the time being,
that that suit should be brought as the Amicus as next friend of [sic] and so
that we don=t run into conflict problems later on when this Court ultimately
decides which of the parties have the right to go forward in litigation.  

I don=t want to make the
settlement call.  I don=t want to make - -I don=t want to make
major legal decisions in this case.  If one of those was required, I would
definitely come back to the Court.  But I think for the time being, that=s the way that
this should proceed.

The
Grandparents similarly assert that by purporting to confer the powers at issue
on Ellis, Athe Court wisely avoided the conflict which would have
occurred if the Court had given one of the litigants the immediate right to
choose counsel and then, after hearing all the evidence, named the
[Grandparents] as managing conservators . . . .@  They contend
that, in those circumstances, they would be Aforced to work
with counsel who had been adverse to them in these custody proceedings.@[18]  








But the trial court=s primary concern
must be the child=s best interest, not the interests of the
Grandparents.  Tex. Fam. Code Ann.
' 153.002
(Vernon 2002).  Thus, the trial court could not expand the statutory powers of
an amicus attorney on this basis.  Moreover, the conflict described by Ellis
and the Grandparents does not exist; there is no basis for the suggestion that
one of the Grandparents, if given the exclusive right to make S.E.E.=s legal decisions,
automatically would become a client of the attorneys retained by Collins to
represent S.E.E.  See Urbish, 708 S.W.2d at 431 n.1 (stating that the
Legislature did not intend Ato require that every time you change
managing conservators you have to change lawyers@).

Collins=s attorney pointed out that Athere=s going to be lots
of legal proceedings and this could become [cost] prohibitive, not only to my
client, but to [the Grandparents] as well . . . .@  But despite the
cost, it is clear from respondent=s statements that
Ellis was not hired simply to help the court determine S.E.E.=s best interests
regarding conservatorship and the rights attending conservatorship, but for
purposes beyond those authorized by statute:

          Court: This
Court has a lot of respect for Mr. Ellis and the main reason that Mr. Ellis was
appointed is, not only does he have experience from a family law standpoint, he=s got experience from
a personal injury standpoint.

(emphasis
added).  Moreover, the trial court considered payment from settlement of the
wrongful death suit rather than the parties= ability to pay: 

Court: I have
explained to Mr. Ellis that most of his fee is going to have to come out of any
settlement.  So, I do not intend that this Court is going to periodically tap
the father or the grandmother for additional fees.








Apparently on Ellis=s recommendation,
the trial court ordered Athat for any litigation involving
[S.E.E.], the Amicus Attorney shall attend all hearings, depositions and trials
and shall review all pleadings, correspondence, discovery requests/responses,
expert reports and other case materials.@  The briefs
indicate that, since her mother=s death, S.E.E. has been involved in
lawsuits in five courts across two counties.[19] 
But the amicus attorney=s review of all of these documents and
attendance at all of these depositions, hearings, and trials in the wrongful
death cases would incur great costs without assisting the trial court to
determine S.E.E.=s best interest with regard to
conservatorship and without expediting the resolution of the conservatorship
issues actually presented in this case. 

Although the trial court acted in accordance with the
recommendations of the amicus attorney appointed to assist the court in
determining S.E.E.=s best interests, we conclude that the
trial court abused its discretion in issuing orders that exceeded its
authority.   And for the reasons discussed below, we reject the Grandparents= arguments that
the trial court was authorized by statute, necessity, or by its own inherent
powers to confer the status of compensated Anext friend@ on the amicus
attorney.  

3.       No Basis
for Expanding Amicus Attorney=s Authority








The Grandparents argue that section 107.003(1)(G) of the
Texas Family Code gives the amicus attorney the power to Atake any action
consistent with the child=s interests that the attorney considers
necessary to expedite the proceedings@ and contend that
the amicus appointment prevented delay in the wrongful death case.  But this
argument is without merit for several reasons.  First, under the plain language
of the statute, the phrase Ato expedite the proceedings@  refers to
expediting the SAPCR, not a separate wrongful death case.  See O=Connor, 2007 WL 1440990,
at *4.  Second, the statute does not authorize an amicus attorney to expedite a
SAPCR by using powers not conferred by statute, and the statute does not
purport to expand the amicus attorney=s powers to allow
him to act as S.E.E.=s next friend in other lawsuits, to enter
contracts on S.E.E.=s behalf, or to participate in other
litigation on S.E.E.=s behalf.  See Tex. Fam. Code Ann. '' 107.003,
107.005 (Vernon Supp. 2007).  Third, the actions ordered by the trial court are
not Aconsistent with
the child=s interests@ as required by
section 107.003(1)(G), because S.E.E. was already represented by counsel in the
wrongful death litigation, and Collins could and did act as her next friend
without charge.[20] 
Although the Grandparents argue that the trial court needed to appoint an
amicus attorney to hire counsel to represent S.E.E. because it was necessary to
obtain an injunction in the wrongful death suit[21]
to prevent the destruction of evidence, S.E.E. was already being represented by
attorneys hired by her father and attorneys hired by her Grandparents. 
No one contends that these various attorneys could not or did not protect her
interests adequately.








The Grandparents also argue that by declaring Ellis to be
S.E.E.=s next friend with
the right to hire counsel, the trial court ensured that counsel would be
retained in a timely manner so the personal injury litigation could go
forward.  This presumption, too, is based on a false premise, for there was no
such issue.  Collins had immediately retained counsel to assert S.E.E.=s interests, and
the record does not reflect that any action by respondent was necessary to
allow the wrongful death suit to proceed.  In addition, the Grandparents argue
that the trial court has the authority to limit the right of a sole managing
conservator Aeven to the extent of giving that right to a third
party.@  In support of
this statement, they rely on sections 153.132 and 153.371 of the Family Code.  See
id. '153.132
(addressing the rights and duties of a parent appointed as sole managing
conservator); ' 153.371 (addressing the rights and duties of a
non-parent sole managing conservator).  But neither statute applies here; in
fact, S.E.E. has never had a sole managing conservator.  Moreover, in the
absence of an order to the contrary, a child=s sole surviving
parent can bring suit on the child=s behalf, even
though no court order appoints the parent as the sole managing conservator.  Massey,
822 S.W.2d at 319; see also Tex.
Prob. Code Ann. ' 676(b) (Vernon 2003) (AIf one parent is
dead, the survivor is the natural guardian of the person of the minor children
and is entitled to be appointed guardian of their estates.@).

In similar arguments, the Grandparents contend, and Collins
disputes, that the trial court has inherent authority to confer the powers at
issue on the amicus attorney.  But A[t]he inherent
powers of a court are those which it may call upon to aid in the exercise of
its jurisdiction, in the administration of justice, and in the preservation of
its independence and integrity.@  Eichelberger v. Eichelberger, 582
S.W.2d 395, 398 (Tex. 1979).  None of these purposes were served by orders
purporting to appoint Ellis as S.E.E.=s next friend with
the authority to hire counsel on her behalf and to charge for the services
Ellis performed in attending and reviewing materials from the various wrongful
death lawsuits involving S.E.E.  The trial court lacked the power to retain
counsel to represent S.E.E. in a different suit and could not accomplish the
same ends through an amicus attorney.  See Thomas v. Anderson, 861
S.W.2d 58, 61 (Tex. App.CEl Paso 1993, no writ).

V.  Conclusion

In sum, we conclude the trial court abused its discretion
by ordering Collins to cease prosecuting S.E.E.=s claims as her
next friend and by ordering the amicus attorney to act as S.E.E.=s next friend, to
hire counsel to represent her, and to be paid for services connected with the
various wrongful death suits.  We therefore conditionally grant Collins=s petition for
writ of mandamus directing Judge Kern to reform his prior orders as follows:

1.       Order Appointing Amicus Attorney, signed
May 30, 2007,  at 1, & 2, changing AThe Court hereby finds that Amicus
Attorney is entitled to reasonable fees and expenses to be paid initially by
the parties as follows . . . .@ to AThe Court hereby finds that Amicus
Attorney is entitled to reasonable fees and expenses for his services in this
modification proceeding, to be paid by the parties as
follows . . . .@;[22]








2.       Striking paragraphs 3B6 on page 3 of the Order Appointing
Amicus Attorney, signed May 30, 2007;[23]

3.       Striking
the following language from page 15, Temporary Orders in Suit Affecting the
Parent-Child Relationship, signed  July 16, 2007: AIT IS ORDERED that
all parties, their agents, and/or legal representatives cease any and all
personal injury suits filed on behalf of the child.  IT IS FURTHER ORDERED that
CHAD ELLIS, Amicus, shall have the exclusive to [sic] right to file suit on
behalf of the child subject of this suit.@     

We are
confident that Judge Kern will make such changes; thus, a writ of mandamus will
issue only if he declines to do so.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 17, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.









[1]   The underlying  lawsuit is styled In the
Interest of [S.E.E.], Minor Child, Cause No. 99-CV-110, 167 (387th
Dist. Ct., Fort Bend County, Texas).





[2]   This court has continuing exclusive jurisdiction
over any suit affecting the parent-child relationship (ASAPCR@) concerning
S.E.E.





[3]   Font normalized.





[4]   Font normalized.





[5]   James Doyle also represented Collins in the
modification proceeding below and in connection with Collins= petition for writ of mandamus.





[6]   Willie Hargrove, Individually and as Next Friend
of Porscha Daniels, and as Representative of the Estate of Jeanette Hargrove v.
Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver, Cause No.
2007-22019.  Collins filed a petition in intervention in the case on April 26,
2007. 





[7]   Jerome H. Ellis, Individually and as Next Friend
of [S.E.E.], and as Representative of the Estate of Shana Ellis,
Deceased, and Sally Ellis, Individually v. Boxer Prop. Mgmt., 9343 N. Loop, LP
and Misty Ann Weaver, Cause No. 2007-25455.





[8]   Chad Ellis a/n/f [S.E.E.] v. Boxer Prop.
Mgmt. and 9343 North Loop, L.P., Cause No. 20,411-A.





[9]   No constitutional arguments have been briefed;
therefore, this complaint has been waived.  See Tex. R. App. P. 33.1(h).





[10]   Tex. Fam.
Code Ann. ' 151.001(a)(7) (Vernon Supp. 2007).  





[11]   Font normalized.





[12]   See In re C.A.M.M., BS.W.3dB, No.
14-06-00279-CV, 2007 WL 3145835, at *5 (Tex. App.CHouston [14th Dist.] October 30, 2007, no pet. h.) (stating that Greene=s holding is limited to the right of possession, and
is  not dispositive of conservatorship issues).

 





[13]   There is no evidence that any other person was
authorized to act as S.E.E.=s guardian upon
her mother=s death.





[14]   Tex. Fam.
Code Ann. ' 107.003.





[15]   Id. ' 107.005.





[16]   Compare id. ' 107.021(d) (requiring reasonable compensation to be paid to an amicus
attorney) with Tex. R. Civ. P. 44
(concerning suits by a next friend and containing no requirement or permission
for compensation).  See also Williams v. Sinclair-Prairie Oil Co., 135
S.W.2d 211, 218 (Tex. Civ. App.CTexarkana 1939,
writ dism=d judgm=t
cor.) (holding that a next friend is not entitled for fees for such services).





[17]   We further note that a minor without a legal
guardian and who is represented by a next friend can also be protected by the
district court in which the wrongful death action is pending.  See, e.g.,
Tex. Prop. Code Ann. ' 142.001(a) (Vernon 2007) (authorizing the trial court
to Aprovide by decree for the investment of funds accruing
to the minor@ if the minor has no legal guardian and is represented
by a next friend); id. ' 142.002
(allowing trial court to order another person to take possession of funds
recovered by minor and requiring next friend or other person to post bond
before taking possession of minor=s
funds); id. ' 142.004(a)(2) (addressing investment of minor=s funds by the clerk of the court).





[18]   This argument is based on the false assumption
that, in the event the Grandparents are awarded the right to take legal action
on S.E.E.=s behalf, they would somehow be forced to Awork with@
the attorney retained by Collins to represent S.E.E., and that such conflict is
avoided by respondent=s appointment of Ellis as S.E.E.=s next friend.  No legal or factual support has been
offered for either contention.





[19]   See (1) Willie Hargrove, Individually and
as Next Friend of Porscha Daniels, and as Representative of the Estate of
Jeanette Hargrove v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,
Cause No. 2007-22019 in the 133rd District Court of Harris County (in
which Collins filed a petition in intervention as S.E.E.=s next friend on April 26, 2007); (2) Jerome H.
Ellis, Individually and as Next Friend of [S.E.E.], and as
Representative of the Estate of Shana Ellis, Deceased, and Sally Ellis,
Individually v. Boxer Prop. Mgmt., 9343 N. Loop, LP and Misty Ann Weaver,
Cause No. 2007-25455 in the 152nd District Court of Harris County
(i.e., the Grandparents= suit); (3) In the Interest of [S.E.E.], Cause
No. 99-CV-110167 in the 387th District Court of Fort Bend County
(i.e., this case); (4) Chad Ellis a/n/f [S.E.E.] v. Boxer Prop.
Mgmt. and 9343 North Loop, L.P., Cause No. 20,411-A in County Court at Law
No. 3 of Fort Bend County; and (5) another wrongful death suit brought by the
amicus attorney in Harris County.  Although Collins concludes that the amicus=s first wrongful death suit was dismissed and refiled,
it also possible that venue was simply transferred.





[20]   The record reveals no claim that Collins=s interests in filing the wrongful death suit were
adverse to his daughter=s interests. 





[21]   We cannot determine whether the Grandparents are
referring to S.E.E.=s wrongful death suit in the 133rd District Court
(brought by Collins as her next friend) or the 152nd District Court (brought by
her Grandfather as her next friend).





[22]   The phrase Areasonable
fees and expenses for his services in this modification proceeding@ does not include fees and expenses incurred by the
amicus attorney for services rendered as S.E.E.=s next friend or in actions other than this SAPCR proceeding.





[23]   The paragraphs to be stricken are quoted in full in
the Factual and Procedural Background section of the this opinion.  Collins
also asks this court to vacate respondent=s AMay 30, June 26, and July 16 orders [only with regard
to the powers of the amicus attorney and the prosecution of [S.E.E.]=s lawsuit, referenced at page 15],@ but we find no written order of June 26, 2007.  To
the extent that respondent=s language at
the hearing on that date constitutes an order, it was memorialized in the
written order of July 16, 2007 and therefore is subject to the modification of
that order.  Collins also asks this court to order respondent to refrain from
further appointments of amicus attorneys, attorneys ad litem, guardians ad
litem, Aor any other appointment made for the purpose of
attempting to intervene in, interfere with, or relating to the pending wrongful
death claim.@  Because the trial court could make only one
discretionary appointment and has already done so, no such order is necessary. 
See Tex. Fam. Code Ann. ' 107.021(a).