In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00288-CV
_____

IN RE S.J.B.

Original Proceeding
County Court at Law No. 3 of Montgomery County, Texas
Trial Cause No. 21-02-02642-CV

## MEMORANDUM OPINION

In a petition for mandamus, which S.J.B. (Mother) filed seven months after her divorce, Mother argues the trial court abused its discretion by among its errors refusing to sign an order compelling S.J.M.—the father of her children *Susan* and *Helen*—to return the children to her until an investigation into her allegations about the conduct of S.J.M., her mistreatment by the court, and the attorneys involved in the legal proceedings involved in her divorce from S.J.M. are completed.[1] We deny the petition.

_____

[1]On our own motion, we identify the parties and their children by fictitious names or initials. *See* Tex. Fam. Code Ann. § 109.002(d).

1

Mother's and S.J.M.'s February 2023 divorce decree shows that S.J.M. is Susan's and Helen's father, and it appoints S.J.M. as their sole managing conservator. In the decree, the trial court named Mother as a possessory conservator. It also found "that neither possession nor access by [Mother] to the children, [*Susan and Helen*], would be in the best interest of the children and that it is not in the best interest of the children for the parties to share possession of the children pursuant to a Standard Possession Order." Additionally, when the trial court granted the divorce it found that "ordering periods of possession or access to the children, [*Susan and Helen*], would endanger the physical or emotional welfare of the children." The decree required that Mother turn the children over to Father at a specified date and location in February 2023.

Three months after the trial court signed the decree, Mother filed a motion to modify the child custody provisions in the decree. In her motion, Mother alleged that one of the children had made allegations of sexual abuse against Father. The mandamus record Mother filed does not contain a ruling on Mother's motion, and in her petition for mandamus, Mother represents (1) that the proceedings on her motion to modify are currently pending before the County Court at Law Number 3 in Montgomery County, Texas, (2) that a temporary hearing has been held, and (3) that no final hearing has been set.

The mandamus record that Mother filed also shows that in July 2023, Father filed a Petition for Writ of Habeas Corpus in which he claimed that Mother had illegally restrained *Susan* and *Helen* and that they were in her custody in an unknown location. In July 2023, the judge against whom Mother seeks mandamus relief in this proceeding signed an Order for Return of Children, ordering the children to be delivered to the courtroom on July 26, 2023, at 4:30 p.m. and granting attorney's fees to Father's attorney. The judge who signed the Order for Return of the Children was not the elected judge of the County Court at Law Number 3, but was a retired judge, sitting for the County Court at Law Number 3.

In her petition for writ of mandamus, Mother is seeking to compel the judge who signed the Order for Return of the Children to address and grant Mother's request to return the children and to order an investigation into matters that could have been raised had she filed an appeal from the February 2023 decree in her divorce. That said, the divorce decree Mother filed to support her petition establishes that S.J.M., not Mother, is the person who is legally entitled to custody of the children who are the subject of the original proceedings Mother filed here.

A writ of mandamus may issue to compel the return of children to a person who is legally entitled to their possession. *See Greene v. Schuble*, 654 S.W.2d 436, 437 (Tex. 1983) (orig. proceeding). Yet from the record Mother filed with her petition, it appears that S.J.M. and not Mother is the person entitled to possession of

3

the children under the decree that governs the parties' possessory rights. *See* Tex. Fam. Code Ann. § 157.371-.376.

We conclude that Mother has failed to establish the trial court clearly abused its discretion in not acting on her motion. Accordingly, we deny Mother's petition. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on October 4, 2023
Opinion Delivered October 5, 2023

Before Golemon, C.J., Horton and Johnson, JJ.