UNITED INTERESTS, INC., Appellant,

v.

SABEL'S T.V. SERVICE, INC., Appellee.

No. A14–85–235–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1985.

Ronald H. Tonkin, Houston, for appellant.

Robert L. Collins of Robert L. Collins & Associates, Daniel Kistler of Robert L. Collins & Associates, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

United Interests, Inc. (United Interests or appellant) appeals a temporary injunction order restraining it from interfering with the business relations of its sublessee, Sabel's T.V. Service, Inc. (Sabel's or appellee). In nine points of error, appellant challenges both the temporary injunction and the preceding temporary restraining order. For reasons detailed below, we hold that the challenges to the temporary restraining order are moot, and that the trial court did not abuse its discretion in granting the temporary injunction.

The substantive and procedural facts giving rise to this appeal are briefly summarized. Jack Jones executed a master lease with SCM Corporation (SCM) for a tract of commercial land and a building thereon. SCM subleased a portion of that office space to Sabel's. Under the terms of their sublease agreement, Sabel's could also sublease part of its office space if it obtained the written consent of SCM, which consent was not to be unreasonably withheld. Sabel's thereafter subleased a portion of its

space to Kook Travel with SCM's consent. Kook Travel, however, went out of business, and Sabel's then subleased that space to JIE Travel. Sabel's did not obtain SCM's express written consent for this sublease.

After JIE Travel occupied the premises, SCM assigned its leasehold rights to United Interests. United Interests discovered the sublease to JIE Travel, which it believed to be in violation of its newly-assigned lease with Sabel's, since Sabel's did not procure SCM's approval for the later sublease. United Interests demanded that Sabel's cure this alleged default within thirty days, and also demanded that Sabel's make payments for certain repairs to the leased property. Sabel's then requested United Interests' approval of the sublease, but United Interests refused.

Sabel's brought a declaratory judgment action seeking a declaration as to the existence of a default under the lease agreement. It additionally sought a temporary restraining order to preserve the status quo during the pendency of the lawsuit. The temporary restraining order was granted, and, after hearing, a temporary injunction was ordered.

■ In its first two points of error, appellant challenges the granting of the temporary restraining order. This order, however, expired without extension. *See* Tex. R.Civ.P. 680. Consequently, all issues relating thereto are moot. *Arvol D. Hays Constr. Co. v. R & M Agency Corp.*, 471 S.W.2d 628, 629 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.).

■ Appellant's remaining points of error each challenge the merits of the underlying case. Our review, however, is strictly limited to a determination of whether there was a clear abuse of discretion by the trial court in granting the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). At the temporary injunction hearing, the only question before the trial court was whether the applicant was entitled to preservation of the status quo during the pendency of the trial on the merits. This appellate court then reviews only whether the trial court abused its discretion in making that determination. Such an abuse does not exist where the trial court bases its decisions on conflicting evidence. Finally, in a case such as this where no findings of fact or conclusions of law were filed, the judgment must be upheld on any legal theory supported by the record. *Davis v. Huey*, 571 S.W.2d at 862.

■ Our review of the record convinces us that the court did not abuse its discretion in concluding that Sabel's produced sufficient evidence to merit a temporary injunction. The court could have found a probable right to recovery under at least three theories. First, the trial court could have concluded that SCM's written consent to the initial sublease with Kook Travel was sufficient for the subsequent sublease to JIE Travel. Second, the court could have believed United Interests' reasons for withholding its consent to the JIE Travel sublease were unreasonable, and therefore the sublease was proper. Finally, it could have found that the charges which United Interests demanded were not Sabel's responsibility, and the demands therefor were unwarranted. Similarly, there was adequate evidence of irreparable injury. The record indicates that through its public claims of Sabel's default under the lease and demands for payment for repairs appellant was causing a loss of business relations and goodwill.

Reviewing the record under the above-stated standards, we hold the trial court did not abuse its discretion in granting the temporary injunction. Appellant's third through ninth points of error are overruled.

■ We finally note that although appellant is authorized by article 4662 of the civil statutes to appeal this interlocutory order, it does not obviate the necessity to expeditiously proceed to final resolution on the merits. *See Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110, 112–13 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). At the time of submission of this cause, neither party had made any efforts towards a speedy disposition.

The record before us indicates that this case might have been resolved in less time than has been used in this appeal. We therefore suggest that the parties expeditiously proceed to try the case and secure a full and final disposition.

The judgment is affirmed.