# NO. 12-18-00044-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *K.M.,* | *§* | *ORIGINAL PROCEEDING* |
| *A CHILD* | *§* | |

## *MEMORANDUM OPINION*

A.S., Relator, filed this original proceeding to challenge Respondent's temporary restraining order in a suit affecting the parent-child relationship.[1] We deny the writ.

## BACKGROUND

A.S. and R.M. are the parents of K.M. In May 2017, R.M. filed an original petition in suit affecting the parent-child relationship. The parties signed a mediated settlement agreement (MSA) on August 28, which Respondent verbally approved on August 31 after hearing testimony from both A.S. and R.M. confirming their signatures on the MSA. The MSA provided that R.M. and A.S. would be joint managing conservators of K.M., R.M. would have the exclusive right to designate K.M.'s residence, and A.S. would have unsupervised access and possession of K.M. through extended standard possession. Respondent further announced that that possession schedule agreed to by the parties in the MSA became effective immediately. On September 28, Respondent signed an order adopting the settlement agreement.

At issue in this case is a temporary order signed on February 23, 2018. On February 23, R.M. filed an amended petition to modify the parent-child relationship and requested a temporary restraining order without a hearing. R.M. alleged that circumstances materially and substantially changed since the mediated settlement agreement. He attached the affidavit of

---

[1] Respondent is the Honorable Jeff Fletcher, judge of the 402nd District Court in Wood County, Texas. R.M. is the Real Party in Interest.

Pennye West, LPC, to the motion. That same day, Respondent signed a temporary order that immediately restrained A.S. from any possession of or access to K.M. except in a therapeutic setting in West's offices, as may be scheduled with West. The order further scheduled a hearing for March 1, which was subsequently re-scheduled for March 21. However, on February 28, A.S. filed this original proceeding and a motion for emergency stay, which this Court granted.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## ADEQUATE REMEDY

R.M. contends that A.S. has an adequate remedy by appeal in the event Respondent signs a final modification order in R.M.'s favor after A.S. receives an opportunity to respond to R.M.'s petition to modify and present evidence at a hearing. However, mandamus is the proper remedy for attacking the issuance of a temporary restraining order issued in a custody proceeding, such as the February 23 order at issue in this case, because such orders are not subject to interlocutory appeal. *In re Jones*, 263 S.W.3d 120, 122 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); TEX. FAM. CODE ANN. § 105.001(e) (West 2014). Additionally, mandamus is "proper to compel enforcement of a relator's right to custody" or "to challenge a temporary order that deprives a parent of the physical possession of her child." *In re Bradshaw*, 273 S.W.3d 851, 855 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *In re Mata*, 212 S.W.3d 597, 604 (Tex. App.—Austin 2006, orig. proceeding). Because temporary orders are not appealable, mandamus is the proper procedure for challenging Respondent's February 23 order.

## ABUSE OF DISCRETION

In this proceeding, A.S. contends that Respondent abused his discretion by entering the February 23 temporary restraining order. She also seeks a writ of prohibition.

2

**Applicable Law**

In a suit affecting the parent-child relationship, a trial court may make a temporary order for the child's safety and welfare, including an order (1) for the temporary conservatorship of the child, (2) for the temporary support of the child, (3) to restrain a party from disturbing the peace of the child or another party, (4) to prohibit a person from removing the child beyond a geographical area identified by the court, or (5) for payment of reasonable attorney's fees and expenses. TEX. FAM. CODE ANN. § 105.001(a). The trial court is further authorized to render temporary orders in a suit for modification. *Id*. § 156.006(a) (West Supp. 2017). Other than an emergency order sought by a governmental entity, an order may not be rendered under section 105.001(a)(1), (2), or (5) except after notice and a hearing. *Id*. § 105.001(b), (h); *see **In re K.L.R.,*** 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.).

Temporary restraining orders and temporary injunctions under section 105.001 shall be granted without the necessity of an affidavit or verified pleading stating specific facts showing that immediate and irreparable injury, loss, or damage will result before notice can be served and a hearing can be held. TEX. FAM. CODE ANN. § 105.001(b). However, a verified pleading or an affidavit in accordance with the Texas Rules of Civil Procedure is required before an order may be rendered: (1) attaching the body of the child; (2) taking the child into the possession of the court or of a person designated by the court; or (3) excluding a parent from possession of or access to a child. *Id*. § 105.001(c). A temporary order should not be a final adjudication of custody, and cannot function as a final disposition on an issue. *See **In re Bradshaw***, 273 S.W.3d at 859 (order that contained "no date specified for the termination of Juarez's custody of C.S.B. or a date set for another hearing on the matter" was not temporary); *see also **In re Lau***, 89 S.W.3d 757, 759–60 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding) (trial court abused its discretion in failing to enter an appropriate temporary order defining, at a minimum, relator's temporary rights to possession and setting a further hearing); ***Coke v. Coke***, 802 S.W.2d 270, 273 (Tex. App.—Dallas 1990, writ denied).

The rebuttable presumptions established in favor of the application of the guidelines for standard possession under Chapter 153 of the Family Code apply to temporary orders. TEX. FAM. CODE ANN. § 105.001(g). Chapter 153 sets forth the public policy of Texas as (1) assuring that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child; (2) providing a safe, stable, and nonviolent environment for

the child; and (3) encouraging parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. *Id*. § 153.001(a) (West 2014). It is a rebuttable presumption that standard possession (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and (2) is in the best interest of the child. *Id*. § 153.252 (West 2014).

**Analysis**

The parties' mediated settlement agreement, and Respondent's final order thereon, appointed the parties as joint managing conservators and awarded A.S. extended standard possession. Respondent's February 23 temporary order excluded A.S. from possession of or access to K.M. by restraining A.S. from having possession of or access except in a therapeutic setting as *may* be scheduled with West. Thus, the order set no visitation schedule and made A.S.'s visitation dependent on West's discretion. The order was effective immediately and stated that it shall continue in force and effect until further order of the court or until expiration by operation of law. Additionally, the order scheduled a hearing for March 1 to determine whether (1) the temporary restraining order should be made a temporary injunction pending final hearing, (2) the additional temporary injunction prayed for should be granted, (3) R.M. should be appointed temporary sole managing conservator, (4) A.S. should be ordered to pay child support and medical support during the case's pendency, (5) A.S. should be denied access or, alternatively, the court should render a possession order providing that A.S.'s periods of visitation be continuously supervised, (6) the court should order A.S.'s psychological evaluation, (7) the court should appoint a guardian ad litem to represent K.M.'s best interests, and (8) the court should make all other and further orders pleaded for or deemed necessary for K.M.'s safety and welfare.

To the extent A.S. complains the temporary order was signed without notice and a hearing, the order is not one for the temporary conservatorship of K.M., temporary support, or payment of reasonable attorney's fees and expenses. *Id*. § 105.001(a), (b), (h). Rather, the order excludes A.S. from possession or access to K.M. as authorized by section 105.001(c). *See id*. § 105.001(c).

Under section 105.001(c), a trial court cannot sign a temporary order that, like the order in this case, excludes a parent from possession of or access to a child absent a verified pleading or an affidavit in accordance with the Texas Rules of Civil Procedure. *Id*. § 105.001(c); *see*

4

***K.L.R.,*** 162 S.W.3d at 300-01; *see also **Jones***, 263 S.W.3d at 123 ("an affidavit or verified pleading is required before a court may issue temporary orders 'excluding a parent from possession of or access to a child[]'"). Here, R.M. furnished Respondent with a petition and request for temporary orders, accompanied by West's affidavit.

In her affidavit, West stated that she supervised eight visits between K.M. and A.S., with one visit lasting one hour and the remainder lasting two hours each. West stated that she observed the interactions between A.S. and K.M., including A.S.'s statements and behaviors. She explained that based on those interactions, statements, and behaviors, "I have become very concerned for the safety and welfare of the child were [A.S.] to have unsupervised access or possession of the child at this time." West averred that A.S. "projects herself to be the victim of mistreatment by [R.M.] and his family[,]" discusses R.M. and his family in an "inappropriate manner" in K.M.'s presence, does not "seem to be able to discern what is appropriate behavior and inappropriate behavior for a 'mother figure' around her child[,]" has "very blurred" boundaries, and says inappropriate things to and/or in front of K.M. According to West, A.S. "displays an enormous amount of anxiety when she is here for her visits…[h]er behavior and mannerisms appear to be those of someone who is clearly misusing some type of medication." West opined that A.S. used K.M. as a pawn to seek some type of revenge against R.M., is a "habitual liar and manipulator," may be convinced that her "concept of things is actually true therefore she doesn't see herself 'lying,'" and is very angry and emotionally unstable. She further stated:

> Her anger and clear desire for revenge creates a danger for manipulation of the child were [A.S.] to have unsupervised access at this point. The fact that [A.S.] could make such a horrendous allegation against the father of her child in a sworn affidavit in this case, without apparently any real proof is extremely disturbing to me. I have grave concerns for her present mental stability.[2]
> [A.S.'s] behaviors, her relationships with significant people in her life, (boyfriends, current husband, brother, mother) cause me concern for [K.M.'s] overall safety if allowed to be in her mother's care and "environment" unsupervised. [A.S.'s] overall demeanor when she is in my office for her visits is disturbing to me. I do not believe that [K.M.] would be safe with her mother in any setting other than a therapeutic one at this point.

She recommended that A.S. undergo a thorough mental health examination and/or psychological evaluation before making any changes to the current child possession schedule.

---

[2] In an affidavit, A.S. alleged that R.M. told her "on a number of occasions that he has had sex with little girls and likes to have sex with little girls."

While West's affidavit is not of such caliber to support permanent relief, it contains sufficient information by which Respondent could reasonably conclude that an order excluding A.S. from possession of or access to K.M. by limiting A.S. to supervised visitation in a therapeutic setting was necessary for K.M.'s safety and welfare on a temporary basis. *See* TEX. FAM. CODE ANN. § 105.001(a), (c); *see also In re McPeak*, 525 S.W.3d 310, 315 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (noting that section 105.001 has a lenient burden of proof); *In the Interest of A.L.E.*, 279 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (a trial court has discretion to place conditions on a parent's visitation). Accordingly, Respondent did not abuse his discretion by signing the temporary order limiting visitation and scheduling a hearing to further address conservatorship, visitation, and other issues.[3] *See* TEX. FAM. CODE ANN. § 105.001(b) (requiring a hearing before entry of temporary order for conservatorship and support); *see also In re Chester*, 357 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, orig. proceeding) (parent entitled to notice and adversary hearing before entry of temporary order modifying custody). Absent an abuse of discretion, A.S. failed to establish an entitlement to mandamus relief.[4] *See Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *see also Fitzgerald*, 429 S.W.3d at 891.

**Writ of Prohibition**

A.S. seeks a writ of prohibition instructing Respondent to take no further action in the case, other than to consider an award of attorney's fees in her favor and a dismissal with judgment for attorney's fees.

An appellate court may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2017). A writ of

---

[3] We also note, with respect to trial court proceedings such as temporary orders, due process requires a neutral and detached hearing body or officer. *See In re K.L.R.*, 162 S.W.3d 291, 312 (Tex. App.—Tyler 2005, no pet.).

[4] We further reject R.M.'s contention that the following language in A.S.'s first and second supplements to counter-petition to modify constitute a judicial admission:

> In the alternative, should the Court determine that Counter-Petitioner's amended and supplemental pleadings are not filed in the original suit affecting parent-child relationship, that the Court construe the same as Respondent's counter-petition in suit to modify parent-child relationship.

Alternative pleadings are not judicial admissions. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *see also Kaye/Bassman Intern. Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 814 n.6 (Tex. App.—Dallas 2010, pet. denied).

prohibition "operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction." ***Holloway v. Fifth Court of Appeals***, 767 S.W.2d 680, 682 (Tex. 1989). The writ is typically used to "protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments." ***Id***. at 683. The writ has three functions: "(1) to prevent interference by an inferior court while an appeal is pending, (2) to prevent an inferior court from entertaining a suit that would relitigate controversies which have already been settled, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction." ***In re Cook***, 394 S.W.3d 668, 672 (Tex. App.—Tyler 2012, orig. proceeding).

In this case, a writ of prohibition is not necessary to protect this Court's jurisdiction. Nor does the record contain any evidence affirmatively demonstrating Respondent's lack of jurisdiction. *See* TEX. FAM. CODE ANN. §§ 155.001(a) (West Supp. 2017) (a court acquires continuing, exclusive jurisdiction over matters in a suit affecting the parent-child relationship on the rendition of a final order), 155.003(a) (West 2014) (a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child). Finally, A.S.'s contention that R.M.'s petition to modify relies on grounds that predate the mediated settlement agreement does not establish that R.M. attempts to relitigate controversies that have already been settled, and the record does not indicate an attempt by R.M. to do so. Under these circumstances, we conclude that there is no basis for the issuance of a writ of prohibition. *See* ***Holloway***, 767 S.W.2d at 682-83; *see also* ***Cook***, 394 S.W.3d at 672.

## CONCLUSION

Having determined that A.S. failed to establish an abuse of discretion and, consequently, an entitlement to mandamus relief, we ***deny*** the petition for writ of mandamus. Our stay of February 28, 2018, is ***lifted***.

**GREG NEELEY**
Justice

Opinion delivered April 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 18, 2018**

**NO. 12-18-00044-CV**

**A.S.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by A.S.; who is the relator in Cause No. 2017-269, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on February 28, 2018, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***denied***.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*