# NO. 12-19-00250-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF A.N.,* | § | *APPEAL FROM THE 321ST* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
|  | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Richard Nichols, acting pro se, filed a notice of appeal from the "original Temporary Custody Order and Final Decree of Divorce" in a suit affecting the parent child relationship.  According to the record, the trial court signed an agreed final decree of divorce on October 28, 2014.  The record also contains a temporary restraining order, dated May 28, 2019.

Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed.  *See* TEX. R. APP. P. 26.1.  Nichols filed his notice of appeal on July 5, 2019; thus, it was untimely.  Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3.  On July 12, this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1.  Because the May 28 order served as the most recent ruling from the trial court, Nichols was further notified that, pursuant to Rule 26.3 and ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal.[1]  We

---

[1] Nichols's notice of appeal does not specifically mention the May 28 order, nor are temporary orders in a custody case appealable.  *See **In re McPeak***, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *see also **In re Jones***, 263 S.W.3d 120, 122 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Nevertheless, in the event Nichols could show this Court's jurisdiction, we liberally construed his notice of appeal in light of the Texas Supreme Court's policy to apply the rules of procedure reasonably but liberally so that the right to appeal is not lost.  *See **Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Inc. Co. v. Park Warwick, L.P.***, 244 S.W.3d 838, 839 (Tex. 2008); *see also **Maxfield v. Terry***, 888 S.W.2d 809, 811 (Tex. 1994).

informed Appellant that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Nichols that the appeal would be dismissed for want of jurisdiction unless on or before July 22, Nichols informed this Court, in writing, of facts that reasonably explained his need for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 42.3. This deadline expired without a written explanation from Nichols.

Although the higher court may grant an out-of-time appeal, we may not suspend the rules to alter the time to perfect a civil appeal. ***In re R.B.M.***, 338 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 4, 2019

### NO. 12-19-00250-CV

### IN THE INTEREST OF A.N., A CHILD

Appeal from the 321st District Court
of Smith County, Texas (Tr.Ct.No. 14-1793-D)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*