

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00103-CV

IN RE PARIS INDEPENDENT SCHOOL DISTRICT, ET AL.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

On July 29, 2021, Governor Greg Abbott issued Executive Order GA-38, which stated, "No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering . . . ." Following the issuance of Executive Order GA-38, the Paris Independent School District, along with its board of trustees, Superintendent Paul Jones, in his official capacity, and several trustees of the school district in their official capacities[1] (collectively PISD) imposed a mask mandate on all students, teachers, and staff members at all of the PISD's campuses.[2] On September 10, 2021, the State of Texas[3] filed a verified original petition and applications for temporary and permanent injunctive relief seeking, among other things, a declaration that PISD's facemask order was invalid and unlawful. The State also asked for injunctive relief that would prohibit the enforcement of PISD's mask mandate. On September 13, 2021, the Honorable R. Wesley Tidwell, presiding judge of the 6th Judicial District Court of Lamar County[4] (the trial court), issued an order granting the State's application for an ex parte temporary restraining order

[1]The relators.

[2]The mask mandate was included in the school district's revised dress code and stated, "For health reasons masks are currently required for all employees and students to mitigate flu, cold, pandemic, and any other communicable diseases."

[3]The real party in interest.

[4]The respondent.

(TRO),[5] and on September 21, following a hearing, the trial court granted the State's request for a temporary injunction.

On October 19, 2021, PISD filed a petition for a writ of mandamus, maintaining that the trial court clearly abused its discretion (1) by permitting the Texas Attorney General to file suit, appear, and prosecute without legal authority and/or standing, leaving the court without jurisdiction; (2) in entering an ex parte temporary restraining order without notice, without hearing, and without explanation as to why it was issued without notice to PISD or why the alleged harm being addressed was irreparable; and (3) by issuing a temporary injunction that violated state law and the exclusive authority of the elected public officials of PISD. In addition, PISD maintains that Executive Order 38 contravenes the purposes of the Texas Disaster Act (TDA) and that the TDA is "self-contradictory." PISD asks this Court to grant its petition for a writ of mandamus and either vacate or reverse the district court's temporary restraining order and temporary injunction and/or dismiss the underlying suit with prejudice. For the reasons below, we deny PISD's request.

Mandamus will issue only to correct a clear abuse of discretion and only when there is no adequate remedy by appeal. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding)); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Mandamus may not be used as a form of interlocutory appeal. *N.H. Helicopters, Inc. v. Brown*, 841 S.W.2d 424, 425 (Tex. App.—Dallas 1992, orig.

---

[5]Although the TRO does not reflect that it was an ex parte order, we find nothing in the record to indicate otherwise.

3

proceeding). Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code specifically provides for an interlocutory appeal from an order granting a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Supp.). In such cases, an interlocutory appeal provides an adequate remedy; consequently, the remedy of mandamus is not available. *See In re Henry*, 274 S.W.3d 185, 189 n.2 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

All the complaints in PISD's petition for a writ of mandamus that are cognizable by this Court relate to the trial court's entry of the temporary injunction. Because PISD may appeal the temporary injunction as provided for by Section 51.014(a)(4), it has an adequate remedy by appeal and has not established its entitlement to the extraordinary relief of a writ of mandamus.[6]

Accordingly, we deny the petition for a writ of mandamus

Scott E. Stevens
Justice

Date Submitted:     November 4, 2021
Date Decided:       November 5, 2021

_____

[6]In its petition, PISD also complains of the trial court's entry of the ex parte TRO. Although Section 51.014(a)(4) specifically allows an interlocutory appeal from, among other things, an order that grants or denies a temporary injunction, it does not specifically allow an interlocutory appeal of an order granting or denying an ex parte TRO. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Consequently, in some instances, a mandamus petition might be an appropriate avenue in which to complain of an ex parte TRO. Yet, that is not the case here.

Rule 680 of the Texas Rules of Civil Procedure provides, in part, "Every temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a longer period." TEX. R. CIV. P. 680. Here, the trial court issued the ex parte TRO on September 13, 2021. There was no extension of that order; therefore, it would have expired by operation of law on September 27, 2021, well before PISD filed its petition for a writ of mandamus on October 19, 2021. Consequently, any complaint by PISD regarding the ex parte TRO is moot. *See Hermann Hosp. v. Thu Nga Thi Tran*, 730 S.W.2d 56 (Tex. App.—Houston [14th Dist.] 1987, no writ) (citing *United Interests, Inc. v. Sabel's T.V. Serv., Inc.*, 698 S.W.2d 170, 172 (Tex. App.—Houston [14th Dist.] 1985, no writ) (concluding that all issues on appeal regarding temporary restraining order were rendered moot by order's expiration); *see also In re Graham*, No. 03-14-00281-CV, 2014 WL 2522428, at *1 (Tex. App.—Austin May 27, 2014, orig. proceeding) (mem. op.).