**Petition for Writ of Mandamus Dismissed, in Part, and Denied, in Part, and Memorandum Opinion filed April 19, 2023.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-23-00205-CV

### IN RE J.S.N., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-36107**

## MEMORANDUM OPINION

On March 28, 2023, relator J.S.N. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Angela Lancelin, presiding judge of the 245th District Court of Harris County, to set aside her March 20, 2023 ex parte temporary restraining order and order to appear for temporary orders

hearing in the underlying suit affecting the parent-child relationship. We dismiss the petition, in part, and deny it, in part.

## BACKGROUND

Relator and Mother are the divorced parents of four children. Relator filed an amended petition to modify the parent-child relationship on January 23, 2023, seeking to be appointed the conservator with the right to designate the primary residence of the children. Relator reiterated his request in a motion for temporary orders filed on March 14, 2023.

Acting pro se, Mother filed an answer and a motion for temporary restraining order, temporary injunction, and temporary orders on March 17, 2023. Mother asked that the trial court to dispense with the issuance of a bond and grant a temporary restraining order without notice to relator by "immediately restraining" relator from (1) "Disturbing the peace of the children"; (2) "Removing the children beyond a geographic area identified by the Court"; and (3) "Hiding or secreting the children from [Mother]."

Until notice could be served and a hearing held, Mother requested that relator be prohibited from allowing the children to have contact with his parents and fiancé. Mother also requested that relator be prohibited from (1) talk negatively about Mother in front of the children; (2) using the children's phone to harass Mother; and (3) verbally assaulting Mother.

After notice and a hearing, Mother requested that the trial court convert the temporary restraining order into a temporary injunction, grant temporary orders for the safety and welfare of the children, including, naming her temporary sole

2

managing conservator, with the exclusive right to designate the primary residence of the children. Mother asked the trial court to name relator temporary possessory conservator, with the exchange of the children to occur in a public place or be supervised and that the children not have contact with relator's parents or fiancé. Mother further requested additional temporary orders for the protection of the children, including that she have the exclusive right to apply for and renew passports for the children and that relator give her the children's birth certificates and the children's property. Mother finally asked the trial court to make appropriate orders for the support of the children, including regular child support, medial support, and dental support, and, if supported by the evidence, retroactive child support.

On March 20, 2023, the trial court signed the temporary restraining order and the order to appear at a temporary orders hearing. The trial court ordered that relator not (1) disturb the peace of the children or another party; (2) withdraw the children from the school or day-care where they are enrolled; (3) hide the children from Mother; (4) talk badly about Mother or Mother's family to, or around, the children; (5) drink alcohol or consume controlled substances within 12 hours before, or during, a period of possession or access to the children; or (6) cancel or fail to pay premiums or disturb the present level of health coverage for the children.

The temporary restraining order was "effective immediately and shall continue until further order of this Court or until it expires by operation of law" and set the temporary orders hearing for April 25, 2023. The purpose of the hearing is "to decide if the temporary restraining order should be made a temporary injunction while this case is pending, and to make temporary orders in the best interest of the children[.]"

3

On March 23, 2023, relator filed a motion to vacate the ex parte temporary restraining order. Relator argued that the trial court erroneously issued the order because Mother did not alleged that any family violence had occurred and the trial court did not make a finding of family violence. According to relator, the trial court will not hear his motion until after the April 25, 2023 hearing on temporary orders.

## ANALYSIS

Relator asserts that the trial court issued the improper temporary restraining and the order to appear for a temporary orders hearing because Mother did not allege any family violence and the trial court did not find any family violence.[1] However, review of Mother's motion for temporary restraining order, temporary injunction, and temporary orders shows that she brought her motion pursuant to Rule 680 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 680. Mother used a form she obtained on the Internet. The motion states the following in bold and in all caps and cites to Rule 680:

> **THIS TEMPORARY RESTRAINING ORDER WILL ONLY BE IN EFFECT UNTIL NOTICE CAN BE SERVED ON RESPONDENT AND A HEARING CAN BE HELD, AND WILL NOT LAST LONGER THAN FOURTEEN DAYS UNLESS THE COURT EXTENDS IT FOR GOOD CAUSE, OR UNLESS THE**

---

[1] *See* Tex. Fam. Code § 82.009(1) (providing that application requesting temporary ex parte order must "contain a detailed description of the facts and circumstances concerning the alleged family violence and the need for the immediate protective order"); Tex. Fam. Code § 83.001(a) ("If the court finds from the information contained in an application for a protective order that there is a clear and present danger of family violence, the court, without further notice to the individual alleged to have committed family violence and without a hearing, may enter a temporary ex parte order for the protection of the applicant or any other member of the family or household of the applicant.").

4

**RESPONDENT AGREES TO AN EXTENSION.** (See Texas Rule of Civil Procedure 680)[.]

Rule 680 requires that an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result before notice can be served and a hearing held on the matter. With respect to a temporary restraining order granted without notice, Rule 680 requires that it "shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period." Tex. R. Civ. P. 680.

Section 105.001 of the Family Code provides that the trial court may make a temporary order for the safety and welfare of the child. Tex. Fam. Code § 105.001(a). Section 105.001(b) generally eliminates the need for sworn pleadings stating facts showing immediate and irreparable injury, loss, or damage for entry of a temporary restraining order, notice, and a hearing. *Id.* § 105.001(b); *see also In re Jones*, 263 S.W.3d 120, 123 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Dohrn v. Delgado*, 941 S.W.2d 244, 249 (Tex. App.—Corpus Christi 1996, orig. proceeding).[2] Mother sought a restraining order prohibiting relator from,

---

[2] There are exceptions: (1) attaching the body of the child; (2) taking the child into the possession of the court or of a person designated by the court; and (3) excluding a parent from possession of or access to a child. Tex. Fam. Code § 105.001(c). Those exceptions do not apply here. *See id.* § 105.001(b), (c).

among other things, disturbing the peace of the children and removing the children beyond a geographical area identified by the court. *See* Tex. Fam. Code § 105.001(a)(3) and (4). The form Mother used specifically cites subsections 105.001(a)(3) and (4).

Section 105.001 modifies some of Rule 680's required findings for a temporary restraining order. *In re Hallas*, No. 03-22-00413-CV, 2022 WL 3650090, at *2 (Tex. App.—Austin Aug. 25, 2022, orig. proceeding) (mem. op.) (citing Tex. Fam. Code Ann. § 105.001(b), (c)). A temporary restraining order granted under section 105.001 need not define the injury or state the why the injury is irreparable. *Id.* §105.001(b); *see also In re K.L.R.*, 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.).

Although section 105.001 modifies the requirements discussed above, it does not modify or waive the duration limitations of Rule 680. *Hallas*, 2022 WL 3650090, at *2. Rule 680 provides that a temporary restraining order expires within the time the court fixes, not to exceed 14 days. *In re Henry*, No. 14-17-00138-CV, 2017 WL 1103553, at *1 (Tex. App.—Houston [14th Dist.] Mar. 23, 2017, orig. proceeding) (mem. op.). When a temporary restraining order has expired and is no longer in force, the mandamus proceeding challenging the order is moot. *In re de Kallop*, No. 14-20-00168-CV, 2020 WL 1808911, at *1 (Tex. App.—Houston [14th Dist.] Apr. 9, 2020, orig. proceeding) (mem. op.). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

The trial court signed the temporary restraining order on March 20, 2023 and set the temporary orders hearing for April 25, 2023. Thus, the duration of the

6

temporary restraining order exceeded 14 days and expired on April 3, 2023. Relator's challenges to the issuance of the temporary restraining order, which is void, are now moot. *See In re Ogazon*, No. 01-21-00080-CV, 2021 WL 1096316, at *1 (Tex. App.—Houston [1st Dist.] 2021, orig. proceeding) (mem. op.); *Hermann Hosp. v. Tran*, (Tex. App.—Houston [14th Dist.] 1987, no writ); *United Interests, Inc. v. Sabel's T.V. Serv., Inc.*, 698 S.W.2d 170, 172 (Tex. App.—Houston [14th Dist.] 1985, no writ).

The order to appear for a temporary orders hearing, however, is not moot. Rule 680 requires that, when a temporary restraining order is granted without notice, the trial court set the hearing on the application for a temporary injunction "at the earliest possible date." Tex. R. Civ. P. 680. Thus, Rule 680 does not set forth an "exact time period" for the date of the temporary injunction hearing following the entry of a temporary restraining order. *Hughes v. Anthony*, No 01-88-00998-CV, 1988 WL 117205, at *1 (Tex. App.—Houston [1st Dist.] Nov. 3, 1988, orig. proceeding) ( mem. op., not designation for publication). The expiration of the temporary restraining order does not deprive the trial court of jurisdiction to hear the application for a temporary injunction. *Id.*; *see also In re J.M.C.,* 109 S.W.2d 591, 595 (Tex. App.—Fort Worth, 2003, no pet.) (explaining that expiration of temporary restraining order does not deprive trial court of jurisdiction over subject matter of order); *Parker v. State*, 161 S.W.2d 319, 321 (Tex. App.—Waco 1942, writ ref'd) (rejecting argument that trial court was without authority to grant temporary injunction after expiration of temporary restraining order). Therefore, the order to appear for the April 25, 2023 temporary orders hearing is not affected by the expiration of the temporary restraining order and may proceed.

## CONCLUSION

We conclude that, because the temporary restraining order expired and is thus void, relator's request for relief as to that order is moot and we dismiss that part of the petition.  As to the order to appear for the temporary orders hearing, the expiration of the temporary restraining order does not deprive the trial court of jurisdiction to conduct the hearing and enter temporary orders; therefore, we deny that part of the petition.  Accordingly, we dismiss the petition, in part, and deny the petition, in part.  We further dismiss relator's motion for emergency relief as moot.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.

8